NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3227

_____

UNITED STATES OF AMERICA

v.

FREDERICK DOUGLAS BURTON,
                                                            Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00028-001)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Under Third Circuit LAR 34.1(a)
June 11, 2018

Before: AMBRO, JORDAN, and HARDIMAN, Circuit Judges

(Opinion filed: July 6, 2018)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dr. Frederick Douglas Burton was convicted by a jury of two counts of mail fraud in violation of 18 U.S.C. § 1341, attempted mail fraud in violation of 18 U.S.C. § 1349, and aiding and abetting mail fraud in violation of 18 U.S.C. § 2. He argues on appeal that the District Court erred in denying his Rule 29 motion for judgment of acquittal because the evidence was insufficient to convict him of the charges.[1] He also argues that attempted mail fraud is not a crime.

We review *de novo* the Court's denial of a Rule 29 motion, and we apply the same standard as the District Court. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). We apply a highly deferential standard and view the evidence in the light most favorable to the prosecution. *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc); *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The question we answer is whether any rational trier of fact could have agreed with the jury and found proof of guilt beyond a reasonable doubt. *Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam). Pursuant to our decision in *United States v. Niederberger*, 580 F.2d 63 (3d Cir. 1978), the Government had to establish Burton's guilt by proof of any one of the conjunctively charged offenses. *Id* at 68. In light of our deferential standard, we agree with the District Court that there was sufficient evidence to support Burton's conviction.

According to the indictment, Burton signed two letters on his office stationery containing false statements concerning his medical treatment of Dr. Dennis Erik Fluck Von Kiel, who used those letters to attempt to submit false and fraudulent claims for

---

[1] Though Burton's Notice of Appeal refers to the judgment of sentence in this case dated September 15, 2017, we liberally construe his Notice to include the District Court's order denying his Rule 29 motion on July 14, 2017.

Social Security disability benefits.[2] To find Burton guilty of mail fraud, the Government was required to prove: "(1) the existence of a scheme to defraud; (2) [Burton's] participation . . . in the particular scheme charged with the specific intent to defraud; and (3) the use of the United States mails in furtherance of the fraudulent scheme." *United States v. Hannigan*, 27 F.3d 890, 892 (3d Cir. 1994) (footnote omitted).

The two letters, which Von Kiel drafted and Burton transferred to his office stationery and signed, represented that Burton had been treating Von Kiel for post-traumatic stress disorder for seven years, his condition had gotten worse, he could no longer work because of it, and this would prevent him from working for at least the next year. They also stated that Von Kiel was in the process of seeking disability benefits. Both letters were addressed to a law firm that Von Kiel spoke with to help him apply for long-term Social Security benefits. Burton admitted to the FBI and to the grand jury that his account of his medical treatment of Von Kiel was false and that he sent the letters to the law firm. A rational jury could have found from this evidence that Burton was guilty of mail fraud.

We also reject Burton's argument that attempted mail fraud is not a crime. It is. *See* 18 U.S.C. § 1349 ("Any person who attempts . . . to commit [mail fraud] shall be subject to the same penalties as those prescribed for [mail fraud], the commission of which was the object of the attempt . . . .").

For these reasons, we affirm.

---

[2] Von Kiel pleaded guilty to a seventeen-count indictment that included mail fraud, attempted mail fraud, and aiding and abetting mail fraud. *United States v. Von Kiel*, Crim. No. 14-149 (E.D. Pa. July 10, 2014).